# In the United States Court of Federal Claims

No. 18-107C
(Filed: May 9, 2018)
NOT FOR PUBLICATION

**FILED**

MAY - 9 2018

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| CHARLES ANDERSON MCKUHN, | ) ) ) |
| *Pro Se* Plaintiff, | ) ) ) |
| v. | ) ) ) |
| THE UNITED STATES,[1] | ) ) ) |
| Defendant. | ) ) ) |

## ORDER GRANTING MOTION TO DISMISS

**FIRESTONE**, *Senior Judge*

Pending before the court is defendant the United States' ("the government")

motion to dismiss Mr. McKuhn's ("plaintiff") complaint pursuant to Rules 12(b)(1) and

12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"). The plaintiff's response

---

[1] The plaintiff's complaint was filed against the Secretary of the Treasury. Because under Rule 10(a) of RCFC, any claims filed in the Court of Federal Claims must be filed against the United States as the sole defendant, the United States was substituted as the defendant in the caption. *See, e.g., Lea v. United States*, 126 Fed. Cl. 203, 203 n.1, *reconsideration denied*, No. 15-292C, 2016 WL 2854257 (Fed. Cl. May 10, 2016), *aff'd*, 662 F. App'x 925 (Fed. Cir. 2016); *Gharb v. United States*, No. 12-911C, 2013 WL 4828589, at *2 (Fed. Cl. Sept. 9, 2013); *Grant v. United States*, No. 13-473C, 2014 WL 128634, at *1 n.1 (Fed. Cl. Jan. 7, 2014).

to the government's motion to dismiss was due on April 12, 2018. A review of the court's records indicates that Mr. McKuhn has yet to respond to the government's motion to dismiss.

For the reasons set forth below, the government's motion to dismiss is **GRANTED.**[2]

## I. BACKGROUND

On January 22, 2018, Mr. McKuhn filed the present complaint with the court that he styled as a "petition for mandamus to executive officer ministerial duty [sic]."[3] Compl. at 1. While difficult to fully understand the basis for Mr. McKuhn's claim, it appears that he is seeking $50,000,000 from the "U.S. Treasury Reserve Bank" in relation to a contract he alleges he entered into on November 15, 2017 with the Administrative Office of the United States Courts, "acting on behalf of the United States." *Id.* According to Mr. McKuhn's complaint, it appears that he is alleging a breach of contract because he "deposited satisfactory security [t]o a consolidated account of treasury" for "advancement and settlement of accounts concerning payment" and thus fulfilled his obligations under his alleged contract with the government. *Id.* In connection with the alleged breach of contract, Mr. McKuhn appears to be seeking $50,000,000 "for the reconciliation, [s]ettlement and discharge of obligations currently due and payable [u]nder a certain

---

[2] Because the court does not have jurisdiction over the plaintiff's complaint, the plaintiff's motion for referral for alternative dispute resolution is **DENIED** as moot.

[3] Mr. McKuhn previously filed in 2015 an unrelated case which this court dismissed *sua sponte* for lack of jurisdiction. Order of July 10, 2015, 15-506C (ECF No.6).

contract, requested of the party[sic], acting on, [sic] [b]ehalf of the United States." *Id.* at 2. Additionally, in support of his request for $50,000,000, Mr. McKuhn states that he "submits this petition to compel executive officer, Ministerial duty [sic], for claim and demand under the attaching, [sic] Voucher, audit confirmation, for examination by the general Accounting Office, Federal financial management pursuant [sic], To 31 USC 3515, and the inspector general act of 1978." *Id.* at 1. Mr. McKuhn also cites in support of his request for relief "the act of congress [sic], [a]pproved feb. 17, 1903 (32 stat. at L. 1613, chap 559)" and "the act of congress [sic] of feb. 20, 1996, passed to complete the, [sic] [j]udgments of the courts[.]" *Id.* at 1-2.

Mr. McKuhn has attached to his complaint a self-created "draft note (FRN) option [contract]," which states that the "beneficiary of trust" promises to pay the "U.S. Treasury Federal Reserve Bank" $50,000,000" for "value and consideration received," which is payable to the Secretary of the Treasury. Ex. To Compl. at 1-2. Mr. McKuhn also attached to his complaint an "audit confirmation request form" from the Federal Reserve Financial Services that he appears to have filled out on his behalf, where he identifies himself as a financial institution, identifies the "U.S. Treasury, General Accounting Office" as the auditing firm name, and the amount of collateral as $50,000,000. *Id.* at 3-4. Finally, Mr. McKuhn attached an unsigned and undated summons form from the United States District Court for the District of Columbia addressed to the Secretary of the Treasury. *Id.* at 5.

The government, as noted above, has moved to dismiss Mr. McKuhn's claims for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be

granted. Specifically, the government argues that this court does not have subject matter jurisdiction over Mr. McKuhn's statutory claims on the grounds that the statutes identified by Mr. McKuhn are either irrelevant or they are not money mandating. Additionally, the government argues that this court does not have jurisdiction over Mr. McKuhn's request for equitable relief. Finally, with regard to Mr. McKuhn's claims arising out of his alleged contract with the government, the government argues that Mr. McKuhn has not alleged sufficient facts to establish a valid contract and thus those claims relating to the alleged contract with the government must be dismissed for failure to state a claim for which relief can be granted.

## II.   LEGAL STANDARDS

The standards for motions to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted are well settled. As plaintiff, Mr. McKuhn has the burden of establishing the court's subject matter jurisdiction by a preponderance of the evidence. *See Fid. & Guard. Ins. Underwriters, Inc. v. United States*, 805 F.3d 1082, 1087 (Fed. Cir. 2015) (citation omitted). "In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *Estes Exp. Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014) (citation omitted). Although *pro se* plaintiffs are held to less stringent pleading standards, they must still demonstrate that the court has jurisdiction to hear their claims. *See Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014) (citation omitted).

In order for a complaint to survive a motion to dismiss under RCFC 12(b)(6) for failure to state a claim, a *pro se* plaintiff must still "allege facts plausibly suggesting (not merely consistent with) a showing of entitlement to relief to avoid dismissal for failure to state a claim[.]" *Filler v. United States*, 602 F. App'x 518, 520 (Fed. Cir. 2015) (quoting *Acceptance Ins. Cos. v. United States*, 583 F.3d 849, 853 (Fed. Cir. 2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (internal quotation marks omitted)). The facts as alleged "must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555.

### III. DISCUSSION

#### A. The Court Lacks Subject Matter Jurisdiction over Plaintiff's Statutory Claims and Claims for Equitable Relief

To the extent that Mr. McKuhn's claim relies on "the act of congress [sic], [a]pproved feb. 17, 1903 (32 stat. at L. 1613, chap. 559)" and "the act of congress [sic] of feb. 20, 1886, passed to complete the, [sic] [j]udgments of the courts," 31 U.S.C. § 3515, and the Inspector General Act of 1978, the court agrees with the government that none of these statutes provide the court with jurisdiction. *Id.* at 1-2. First, the court agrees with the government that the two "acts of congress" cited by the plaintiff do not confer to this court jurisdiction over Mr. McKuhn's claim. It appears that these two "acts of congress" are taken from the United States Supreme Court's case *U.S. ex rel. Parish v. MacVeagh*, 214 U.S. 124, 125, 136 (1909). A reading of this case indicates that these two statutes involved government contracts for ice during the Civil War and thus are irrelevant to Mr. McKuhn's claims against the government and do not confer jurisdiction to this court.

Next, the court agrees with the government that neither 31 U.S.C. § 3515 or the Inspector General Act of 1978 are money-mandating statutes and thus do not confer jurisdiction on this court. *See Adair v. United States*, 497 F.3d 1244, 1251 (Fed. Cir. 2007). Specifically, 31 U.S.C. § 3515 requires "the head of each covered executive agency [to] prepare and submit to the Congress and the Director of the Office of Management and Budget an audited financial statement for the preceding fiscal year, covering all accounts and associated activities of each office, bureau, and activity of the agency." 31 U.S.C. §3414(a)(1). Furthermore, the Inspector General Act of 1978 created an office of inspector general for 15 Federal agencies, which is not a money mandating statute. *See United States v. Westinghouse Elec. Corp.*, 788 F.2d 164, 165 (3d Cir. 1986) (describing the history of the Inspector General Act of 1978). As such, this court does not possess jurisdiction to entertain any claims asserted by Mr. McKuhn related to the above discussed statutes he has cited in his complaint.

Finally, the court agrees with the government that this court lacks subject matter jurisdiction over Mr. McKuhn's various requests for equitable relief. Specifically, this court does not possess jurisdiction to order executive officers to perform ministerial duties or to perform audits or claim examinations. Under the Tucker Act, this court has only limited authority to grant equitable relief. Specifically, this court has no power "to grant affirmative non-monetary relief unless it is tied and subordinate to a money judgment." *James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998) (citing *Austin v. United States*, 206 Ct. Cl. 719, 723 (1975)). Because the court has found that the statutes on which the plaintiff relies do not confer jurisdiction on this court, and, as discussed

*infra*, the plaintiff has failed to state a claim upon which relief can be granted as his contract claim, the plaintiff is not entitled to any monetary relief that would allow this court to entertain any of the equitable remedies the plaintiff is seeking.

### B. The Plaintiff Has Failed to State a Claim in Relation to his Contract Allegations

In order for this court to hear a breach of contract claim against the government the plaintiff must sufficiently allege all of the elements of a contract. *See Trauma Serv. Grp.,* 104 F.3d, 1321, 1325 (Fed. Cir. 1997). The elements for an express or implied-in-fact contract with the government are the same: (1) mutuality of intent to contract; (2) lack of ambiguity in offer and acceptance; (3) consideration; and (4) a government representative having actual authority to bind the United States in contract. *Kam-Almaz v. United States*, 682 F.3d 1364, 1468 (Fed. Cir. 2012) (citation omitted).

The court agrees with the government that in this instance, other than his mere conclusory statement that he entered into a contract with the Administrative Office of the United States Courts, Mr. McKuhn does not allege any facts as to any of the four elements necessary to properly plead the existence of a contract with the United States government. Mr. McKuhn provides no allegations as to the substance of the alleged contract or its terms. Mr. McKuhn only states that he is due payment of $50,000,000. In such circumstances, Mr. McKuhn has failed to state a claim for a breach of contract and thus his contract claim must be dismissed.

## CONCLUSION

For the reasons stated above, the governments' motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) regarding Mr. McKuhn's allegations of statutory violations and request for equitable relief and for failure to state a claim under 12(b)(6) regarding his breach of contract claim is **GRANTED**. The Clerk is directed to enter judgment accordingly. No costs.

**IT IS SO ORDERED.**

/NANCY B. FIRESTONE
Senior Judge